**ROTHENBERG & CAMPBELL**
BY:   Dave W. Rothenberg, Esquire                         *Attorneys for the Defendant,*
345 Wyoming Avenue, Suite 210                             *DOT Compliance Services.*
Scranton, Pennsylvania 18503
P: (570) 207-2889 | F: (570) 207-3991
Email: HRLaw06@gmail.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIEN FRAZIER,** | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION No. |
| | : | 1:25-CV-02531-SAC |
| v. | : | |
| | : | (The Honorable US Magistrate |
| **DOT COMPLIANCE SERVICES,** | : | Judge Sean A. Camoni) |
| | : | |
| Defendant. | : | |

## DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S "NOTICE TO THE COURT REGARDING IMPROPER WAIVER AND DEFENDANT'S DELAY TACTICS" IN ITS ENTIRETY PURSUANT TO FED. R. Civ. P. 12(f)

AND NOW, comes the Defendant, DOT Compliance Services, by and through legal counsel, Dave W. Rothenberg, Esquire of Rothenberg & Campbell, and hereby files the following Motion to Strike Plaintiff's "Notice to the Court Regarding Improper Waiver & Defendant's Delay Tactics" (ECF No. 10) in its entirety pursuant to Federal Rule of Civil Procedure 12(f). Specifically, Defendant respectfully moves this Honorable Court to strike ECF No. 10 in its entirety as it exclusively contains redundant, immaterial, impertinent and/or scandalous matter that has no proper place in the instant proceedings. The Plaintiff's Notice improperly accuses Defendant of misconduct without any factual basis and attempts to circumvent proper procedural

1

channels for addressing discovery and service disputes, and therefore, for Defendant alleges as follows:

1. On or about February 6, 2026, the Plaintiff, Erien Fraizer ("Plaintiff"), filed a "Notice to the Court Regarding Improper Waiver and Defendant's Delay Tactics". (ECF No. 10).

2. Plaintiff's "Notice" alleges that "Defendant's counsel, Mr. Jared Rothenberg of Thompson Coburn LLP, sent correspondence dated January 20, 2026, after receipt of service dated January 12, 2026" which Plaintiff claims to be improperly served. (ECF No. 10 at ¶ 2).

3. Counsel for the Defendant entered his appearance on February 5, 2026. (ECF No. 5).

4. Counsel for the Defendant is expressly listed as David W. Rothenberg, Esquire of Rothenberg & Campbell. (ECF No. 5).

5. No counsel by the name of "Jared Rothenberg" is involved in this case on behalf of the Defendant.

6. Similarly, no law firm by the name of "Thompson Coburn LLP" is involved in this case on behalf of the Defendant.

7. Plaintiff's "Notice" is not a recognized pleading under the Federal Rules of Civil Procedure.

2

8.  Federal Rule of Civil Procedure 7(a) enumerates permissible pleadings in Federal Court, which include complaints, answers, motions and replies. Fed. R. Civ. P. 7(a).

9.  A "Notice" of the type filed by Plaintiff is not among the recognized pleadings.

10. Furthermore, the Plaintiff's "Notice" contains scandalous and impertinent allegations against Defendant, including unfounded and baseless accusations of "delay tactics" and attempts to "circumvent proper service." (ECF No. 10).

11. Plaintiff's allegations are inappropriate for inclusion to the record without proper evidentiary support and procedural context.

12. The "Notice" improperly attempts to create a factual record regarding discovery disputes without following the proper procedures for resolving such disputes, such as objections and/or protective orders.

13. Federal Rule of Civil Procedure 26(d) governs the timing of discovery and provides specific procedures for early discovery requests. Fed. R. Civ. P. 26(d).

14. Plaintiff's allegations regarding waiver of service wholly mischaracterizes the requirements of Federal Rule of Civil Procedure 4(d), which provides a mechanism for defendants to waive formal service of process. *See* Fed. R. Civ. P. 4(d).

15. Rule 4 does not require Plaintiff's "consent" for the Defendant to execute and file a waiver of service.

16.     The "Notice" unnecessarily, vexatiously and prejudicially multiplies the proceedings in this case by raising issues that should be addressed through proper meet-and-confer procedures and/or appropriate motions practice, not through an improper and unrecognized "Notice" filing.

17.     The "Notice" contains redundant, scandalous and inaccurate matter as it attempts to restate and recharacterize procedural rules regarding service and discovery timing that are already established in the Federal Rules of Civil Procedure as well as this Honorable Court's Local Rules.

18.     The "Notice" accuses Defendant of engaging in "ex parte communications" via the Defendant's filing of a waiver of service with this Honorable Court, which is clearly not an ex parte communication.

19.     The "Notice" alleges that Defendant has failed to file a timely response to the Plaintiff's Complaint, despite the Defendant's responsive pleading not being due until March 16, 2026.

20.     Although not yet sought, the Plaintiff's filing of the "Notice" is sanctionable by Federal Rule of Civil Procedure 11, which if sought, would entitle the Defendant to recovery of its attorney's fees incurred in responding to Plaintiff's scandalous "Notice".

21.     The courts are empowered to strike pleadings for insufficiency. *Cipollone v. Ligget Grp., Inc.*, 789 F.2d 181, 188 (3d. Cir. 1986).

4

22.     Insufficiency arises where a party asserts an unrecognized pleading. *Federal Trade Comm'n v. Hope Now Modifications, LLC*, Civ. No. 09-1204, 2011 U.S. Dist. LEXIS 24657, 2011 WL 883202, at *2 (D.N.J. Mar. 10, 2011).

23.     The Plaintiff's "Notice" is wholly insufficient.

24.     The Plaintiff's "Notice" is highly prejudicial to the Defendant as it falsely accuses Defendant of purposefully stalling this matter despite the fact that Defendant's responsive pleading is not yet due to be filed.

**WHEREFORE**, the Defendant, DOT Compliance Services, respectfully requests that this Honorable Court strike Plaintiff's "Notice to the Court Regarding Improper Waiver and Defendant's Delay Tactics" (ECF No. 10) from the record in its entirety and grant such other and further relief as this Honorable Court deems appropriate and proper.

Respectfully Submitted,

BY: _____
Dave W. Rothenberg, Esquire
*Rothenberg & Campbell*