UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIEN FRAZIER, | : | NO. 1:25-CV-02531 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (CAMONI, M.J.) |
| | : | |
| DOT COMPLIANCE SERVICES, | : | |
| Defendant. | : | |

# ORDER

Before the Court is Plaintiff's Motion for Entry of Default and Sanctions, doc. 8, and Defendant's Motion to Strike Plaintiff's Notice, doc. 12. Both motions will be DENIED, for the reasons that follow.

Plaintiff alleges she served Defendant on January 12, 2026, and that Defendant's responsive pleading was therefore due by February 2, 2026. Doc. 8 at 1. Plaintiff relies on a certified mail receipt as proof of service. Doc. 9-1. Defendants filed a waiver of service on January 15, 2026 (doc. 4), which Plaintiff contends was improper because she did not request waiver but instead effected service via certified mail. Doc. 9 at 1-2. This allegedly improper waiver is the basis upon which Plaintiff seeks both entry of default and imposition of sanctions. Defendant, in turn, asks the Court to strike a Notice Plaintiff filed in support of her motion,

that Defendant asserts "contains redundant, scandalous and inaccurate matter[.]" Doc. 12 at 4.

First, Plaintiff did not effectuate service in accordance with the federal rules. Federal Rule of Civil Procedure 4 provides that, absent a waiver of service, a plaintiff utilizing a third party to effectuate service on an individual must do so by:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. Rs. Civ. P. 4(e)(2), 4(h)(1). The proof of service provided by Plaintiff here, however, shows that she served Defendant by certified mail, and not personally, as required under Rule 4.

Second, nothing in Rule 4 precludes a defendant from filing the waiver of service form with the Court where plaintiff has provided the blank form with her complaint but failed to effectuate proper service. Indeed, while Rule 4(d)(1)(G) permits Frazier to send "by first-class mail or other reliable means" a copy of the complaint to the Defendant, it is only for purposes of requesting a waiver that she is permitted to do so.

Fed. R. Civ. P. 4(d) ("Waiving Service"); *see Bartoletti v. Cty. of Beaver*, No. 07-CV-439, 2008 WL 656056, at *5 (W.D. Pa. Mar. 11, 2008) ("Service by mail is permitted pursuant to Rule 4(d)—but also requires service of a waiver form, and a grant of additional time to respond."). To the extent Frazier argues that she sent Defendant the complaint with a summons but did not otherwise comply with the procedures in Rule 4(d)(1)—*i.e.*, by requesting a waiver in writing, appending two copies of the waiver form, and providing a prepaid means for returning the form—such procedural deficiencies do not preclude a defendant from validly waiving service. In fact, courts have required defendants to pay for costs of service under Rule 4(d)(2) for failure to waive even where the plaintiff has not fully complied with Rule 4(d)(1)'s procedural requirements. *Gonzalez-Marcano v. US Airways Grp., Inc.*, No. 13-CV-3714, 2014 U.S. Dist. LEXIS 13791, 2014 WL 413932, at *7 (E.D. Pa. Jan. 31, 2014) (citing cases, *e.g.*, where plaintiff sent one copy of a waiver form instead of two). It would lead to inconsistent results to hold that a defendant cannot waive service if a plaintiff fails to fully comply with Rule 4(d), while at the same time requiring a defendant to waive service despite noncompliance with Rule

4(d). *See Doe v. Pa. State Univ.*, No. 4:19-CV-01438, 2020 U.S. Dist. LEXIS 124397, at *8 (M.D. Pa. July 14, 2020).

Moreover, courts have held that the "waiver of service surely can occur without a request from the plaintiff." *See Valido-Shade v. WYETH, LLC*, 875 F. Supp. 2d 474, 477 (E.D. Pa. 2012) ("Absent a specific prohibition in a statutory or procedural rule, we see nothing to prevent a defendant, upon mere notice of the filing of a complaint, from promptly filing, for example, an answer or a motion to dismiss before the complaint has been formally served."), aff'd, (Apr. 29, 2015). This rationale comports with Rule 4(d)(1), which imposes a duty upon individuals "subject to service under Rule 4(d)" to "avoid unnecessary expenses of serving the summons." *Cutler v. Green*, No. 17-984, 2017 U.S. Dist. LEXIS 106429, 2017 WL 2957817, at *4 n.7 (E.D. Pa. July 11, 2017) (rejecting argument that waiver of summons was invalid because the plaintiff never sent "a request of waiver of service to anyone"), aff'd *sub nom. Cutler v. Amber Green*, 754 F. App'x 96 (3d Cir. 2018).

Here, the Defendant executed a valid waiver of service after Plaintiff mailed a copy of the compliant and summons. Defendant did nothing improper and complied with Rule 4. The docket accurately

reflects that the Defendant's responsive pleading is therefore due March 16, 2026. Plaintiff's allegations that Defendant has engaged in an "improper attempt to delay proceedings," is misguided and based on a misapprehension of the law. Doc. 10 at 2.

But that is not sufficient to strike the "Notice." Under Federal Rule of Civil Procedure 12(f), a court may strike, either *sua sponte* or by motion by a party, "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A court possesses considerable discretion in disposing of a motion to strike under Rule 12(f)." *Krisa v. Equitable Life Assur. Soc.*, 109 F. Supp. 2d 316, 319 (M.D. Pa. 2000). However, motions to strike are disfavored and should be denied unless the allegations have no possible relation to the controversy, may cause prejudice to one of the parties, or confuse the issues. *Hanselman v. Olsen*, 2006 U.S. Dist. LEXIS 1715, *4 (M.D. Pa. 2006); *see also McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002), citing *Harleysville Mut. Ins. Co. v. GE Reinsurance Corp.*, Civ. A. No. 02-171, 2002 U.S. Dist. LEXIS 8064, *16 (E.D. Pa. May 6, 2002). Courts have required that the moving party demonstrate prejudice before the court will strike a pleading. *See United*

*States v. Viola*, 2003 U.S. Dist. LEXIS 11692, 11699 (E.D. Pa. 2003); *and see* 5C Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1381, p. 94 n.34 (3d ed. Supp. 2012) (listing district court cases requiring a showing of prejudice). Striking a pleading is a drastic remedy and should be sparingly used by the courts. *Krisa*, 109 F. Supp. 2d at 319; *North Penn Transfer, Inc.*, 859 F. Supp. at 158.

Here, Defendant's characterization of this relatively unremarkable *pro se* filing overstates its importance and fails to demonstrate any prejudice. The Notice contains nothing scandalous or particularly noteworthy; it merely sets forth incorrect assertions about Defendant's waiver of service. Plaintiff is wrong in her understanding of the law and wrongly suggests that Defendant acted nefariously in filing a waiver of service, and Defendant is justified in calling that out. The Court has, thus, vindicated Defendant on that point and denied Plaintiff' the relief she requested. No further action is required.

Accordingly, Plaintiff's motion, doc. 8, is DENIED. Further, Defendant's Motion to Strike, doc. 12, is also DENIED.

Date: February 10, 2026         *s/Sean A. Camoni*
                                Sean A. Camoni
                                United States Magistrate Judge